IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RANDY NELSON<br>401 Willow Drive<br>Warren, Ohio 44484<br><br>    Plaintiff<br><br>VS | CASE NO.<br><br>JUDGE |
| TRUMBULL COUNTY BOARD<br>OF COMMISSIONERS<br>160 HIGH STREET<br>WARREN, OHIO 44481<br>and<br>SHERIFF PAUL MONROE,<br>IN HIS OFFICIAL CAPACITY<br>150 HIGH STREET WARREN, OHIO 44481<br>and<br>PHILLIP MALVASI, D.O.,<br>INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY<br>1017 YOUNGSTOWN WARREN RD. NILES, OHIO 44446<br>and<br>JOHN DOE, JAIL STAFF<br>C/O<br>TRUMBULL COUNTY JAIL<br>150 HIGH STREET<br>WARREN, OHIO 44481<br><br>and | COMPLAINT<br>(JURY DEMAND ENDORSED) |

JOHN DOE, MEDICAL STAFF
C/O
TRUMBULL COUNTY JAIL
150 HIGH STREET
WARREN, OHIO 44481
Defendants

## I
## PRELIMINARY STATEMENT

1. This complaint is for Federal civil rights and state actions resulting from the failure of Trumbull County officials and medical personnel contracted to protect and provide adequate medical care to the Plaintiff while he was incarcerated at the Trumbull County Jail.
2. The Defendants were deliberately indifferent to the Plaintiffs serious medical needs causing the Plaintiff both serious and permanent harm violation of Plaintiff's fourth, eight and fourteenth amendment rights.
3. Each, and every, allegation and/or statement of fact contained herein is incorporated throughout and within every Count of the Complaint and therefore need not be repetitively stated.

## II
## JURISDICTION

4. Jurisdiction over the claims of the Plaintiffs is conferred on this Court by 28 USC
5. Sec. 1331, 1332, 1343 (3) an (4).
6. Plaintiffs allege the unconstitutional deprivation of the Plaintiff's right to adequate medical care as guaranteed under the Eight and Fourteenth
7. Amendments to the U.S. Constitution in violation of 42 USC 1981,1983 and 1985

## III
## PARTIES

8. Plaintiff RANDY NELSON, at all times relevant herein, was a resident of Trumbull County, State of Ohio. (hereinafter "NELSON")

9.  Defendant Trumbull County is a political subdivision of the State of Ohio and owns, operates and maintains responsibility for the Trumbull County Jail where the actions and conduct which form the basis of this action occurred. (hereinafter "Trumbull County")
10. Defendant Sheriff is the elected Sheriff of Trumbull County whose statutory responsibilities include the operation of the Trumbull County Jail (the "Jail") including, but not limited to, the creation, implementation and adherence to Jail and State policies and procedures, the training, supervision and discipline of the Jail Staff. and the provision of appropriate and adequate medical care to the inmates.
11. The County Sheriff is a defendant in his official capacity as Sheriff of Trumbull County.
12. Defendant Phillip Malvasi, D.O.,has on multiple occasions been awarded contracts as a medical provider through a bidding process and is an employee, agent or contractor with Trumbull County and at all times relevant herein was the medical director or person responsible for making County policy with respect to medical policies at the jail and is a policymaker within the County Jail.
13. Defendant Malvasi was responsible to provide medical services to the inmates of the Jail to develop and implement policies and procedures and to train Jail and medical staff on those policies and procedures in accordance with the minimum standards for the operation of jails in the State of Ohio as promulgated by the Ohio Legislature to ensure the appropriate and adequate medical care of those in the custody of the County. Dr. Malvasi is a defendant both in his individual and official capacity.
14. Defendant John Doe Jail Staff are employees, agents, or contractors for Trumbull County Jail where the actions and conduct which form the basis of this action occurred. (hereinafter "TCJ")
15. Defendant John Doe Medical Staff, was at all times relevant herein, a Corporation, individuals or other business entity contracting with Trumbull County to provide medical services to the inmates of the Jail to develop and implement policies and procedures and to train Jail and medical staff on those policies and procedures to ensure the appropriate and adequate medical care of those in the custody of the County.

16. The John Doe Defendants are other entities, individuals, subsidiaries, predecessors, successors, agents, political subdivisions, or others involved in the detention, custody and/or care and treatment of the Plaintiff or who exercised control over any such actor or who are otherwise liable or vicariously liable or may be liable under the doctrine of respondeat superior or any other doctrine of liability for any or all of the acts and or omissions alleged herein in this complaint, whose names and liability at the time of this filing are yet fully ascertained but which the Plaintiff expects to become known through discovery or public records.   Once plaintiff has determined the identities of the John Doe Defendants Plaintiff will appropriately amend the Complaint and make service in accordance with the Civil Rules governing the Court.
17. Each Defendant knew, or should have known, of the substantial and obvious risk of serious harm which could result from the denial of the necessary medical treatment to the Plaintiff and intentionally and/or recklessly disregarded said risk and are liable in both their official and/or individual capacity(ies).
18. That the policies and/or customs at the Jail were the moving force and cause of the injuries suffered by the Plaintiffs.
19. That the Defendants implemented policies, procedures or customs which failed to provide measures adequate for the treatment of inmates with serious medical needs including the life-threatening effects of unassisted drug withdrawal and the physical and mental emergencies that result.
20. That affirmative duties were imposed upon Defendant Trumbull County by statute and the inherent risks associated with the work itself and thereby constituted non-delegable duties for which the failure of Malvasi to perform subjects the County to liability
21. The conduct of the Defendants constituted a deprivation of a right secured by the Constitution or laws of the United States
22. The damages complained of herein were caused by a person(s) acting under the color of state law. 42 U.S.C.A. § 1983.

IV

FACTS

23. NELSON, at some time on, or about October 6, 2016 was incarcerated at the Trumbull County Jail in Warren, Ohio.
24. In accordance with the policy and procedure of the Jail NELSON advised Jail personnel, including the on-site medical staff, of all his medical conditions and medications.
25. That in accordance with jail policy and "The Minimum Standards for the Jails in the State of Ohio" the Jail had responsibility for the health and care of NELSON to ensure his medical well-being while incarcerated.
26. That Jail and medical personnel despite their awareness of the medical condition of NELSON, and his recent hospitalization and current alcohol withdrawal, failed to ensure that NELSON received the necessary and reasonable care and prescribed administration of medication which was reasonably and objectively required for a person with NELSON's obvious medical condition.
27. That NELSON was not adequately monitored by staff after being placed in a medically monitored cell block as was warranted by his medical condition.
28. That on October 30, 2016 at approximately 13:00 hrs. both jail and medical personnel observed NELSON to be in medical distress and failed to take any immediate medically responsible action although aware that NELSON was experiencing severe medical complications requiring immediate and comprehensive medical care.
29.  While still in the care and custody of the Jail NELSON was observed, by jail staff and medical personnel continuing to experience serious medical complications yet ignored his medical condition and failed to contact any emergency services as was reasonably and objectively necessitated.
30. That Correction Officers on site after observing the medical condition of Nelson were deliberately indifferent to NELSON's obvious medical need.
31. Dr. Malvasi despite being under contract to provide 24 hour physician services and to provide adequately trained and certified personnel to the Jail was unavailable and unable to provide adequate and necessary medical services and failed to have

adequate and competent staffing of the medical department to ensure the medical well-being of the inmates, including NELSON, housed at Trumbull County Jail.

32. That the personnel on duty, both corrections and medical personnel, were deficient in training to adequately respond to the medical emergency presented by NELSON despite the clearly established legal obligations placed upon them by the laws of the United States and the State of Ohio.

33. That Malvasi and the medical Department at Trumbull Jail have a history of negligence and obvious and deliberate indifference in regard to the medical conditions of the inmates at Trumbull Jail especially when there is a need for emergency care.

34. That said Jail Staff negligently and/or unconstitutionally placed NELSON in a medically unsafe and hazardous environment and that as a result of the Defendants denial and/or refusal to provide the medically prescribed medications and/or treatment NELSON suffered permanent and irreparable damages.

35. That as a result of the Jail and medical Staff 's negligence and failure to comply with its own policies and procedures and failure to provide NELSON adequate medical services ultimately resulted in severe and permanent damages to NELSON.

36. That the Defendants subjectively knew of the risks to the inmate's health, drew the inference that a substantial risk of harm to the health of the inmate existed and that Defendants consciously disregarded the risk.

37. That the Jail and medical Staff were negligent in the treatment and maintenance of Plaintiff 's condition and failed to provide Plaintiff with adequate medical care as entitled under the U.S. Constitution and State of Ohio Constitution.

38. NELSON while in the care and custody of the Trumbull County Jail who negligently and/or recklessly trained the personnel to which NELSON had been assigned by failing to adhere to its own policies and procedures.

39. Defendant County's Jail and medical staff negligently, recklessly and/or maliciously failed to provide proper and adequate care to the Plaintiff who was in their care and custody and as a result NELSON is and will continue to suffer damages into the indefinite future for which the Defendants are jointly and severally liable.

40. As a result of the deliberate indifference and negligence of all Defendants, NELSON was subject to serious and otherwise unwarranted emergency surgery and unnecessary pain and suffering.
41. Defendants failed to respond reasonably to the risk of serious and substantial harm that existed to the Plaintiff even though the seriousness of the Plaintiff's need for medical care was obvious, or should have been obvious, even to non-medical personnel.
42. Supervisory personnel were engaged in the unconstitutional conduct and subject the County to liability due to the existence of a policy, custom, or practice which was responsible for the Defendants' improper conduct and resultant injuries.
43. That the County, despite its prior knowledge of the negligence and conscious disregard of Malvasi of the Minimum Standards for Jails in Ohio and the contractual terms of the agreement of the parties, negligently hired and retained Malvasi as the contractor responsible for the medical care of the inmates incarcerated at Trumbull Jail
44. Defendants County and Malvasi's failure to properly supervise and train its Staff, inadequate medical training and the proper and humane handling of medical emergencies resulted in the injuries suffered by the Plaintiff display a deliberate indifference to the constitutional rights of those in their care.
45. Defendants have a history of persistent and widespread constitutional violations and conduct of deliberate indifference in the medical treatment of those in their care and custody and such conduct was tacitly approved and constitutes official policy subjecting the defendants to liability under 42 USC 1983.
46. The conduct of the Defendants was in violation of clearly established law and were conducted under the color of State law.
47. Defendant's had no formal process by which Plaintiff could file a complaint or grieve the injurious treatment to which he was subject.

V

42 USC 1983

MUNICIPAL/SUPERVISORY LIABILITY

48. Plaintiff realleges paragraphs 1 - 47 as if fully rewritten herein.

49. TRUMBULL COUNTY, the municipality is liable under § 1983 because the egregious and unconstitutional conduct described herein was the result of the execution of a government policy and/or custom by those whose edicts or acts may fairly be said to represent official policy and directly resulted in the injuries inflicted to the Plaintiff.

50. Defendant's training program for the care and treatment of NELSON under the care and custody of the County was inadequate for the care and medical needs of the inmates

51. Defendants County and Malvasi failed to train and supervise both medical and correctional staff in the proper and adequate care of the inmates including, but not limited to, inmates suffering from serious medical issues not unfamiliar to a correctional setting.

52. Defendant County and Malvasi have adopted a policy of non-supervision of its employees, agents or contractors amounting to deliberate indifference of inmate's constitutional rights and was the moving force in creating an atmosphere and custom of injurious unconstitutional conduct in the medical treatment of its. inmates, including NELSON.

53. Defendant County's failure to adequately address its history and custom of injurious unconstitutional conduct in the medical treatment of its inmates infers the County has adopted a policy or custom of non-supervision subjecting it to municipal liability.

54. The injuries of NELSON were the result of deliberate indifference of the Defendants and for which they are liable under 42 USC 1983.

## VI
## Deliberate Indifference
## All Individual Defendants

55. Plaintiff realleges paragraphs 1 - 54 as if fully rewritten herein.
56. The Defendants failed to take the obvious and necessary actions required despite their personal observations and/or knowledge of Plaintiff's medical condition
57. That Defendants were deliberated indifferent to the serious medical needs of Plaintiff
58. That the inaction of the Defendants constituted deliberate indifference to the serious medical needs of Plaintiff.
59. That the inadequacy of the communication system of the Defendants at the Jail constituted deliberate indifference to the serious medical needs of Plaintiff and all other persons incarcerated at the Trumbull County Jail.

## VII
## 42 USC 1983
## Failure to Train

60. Plaintiff realleges paragraphs 1 - 70 as if fully rewritten herein.
61. By admitting NELSON to the Jail, and also through his continued care in the Jail, both the medical and correctional Defendants breached their duty to provide medical care and safety to Plaintiff consistent with standard medical and correctional practices.
62. The conduct of the Defendants was negligent, willful, wanton and reckless and breached the duty owed to the inmates incarcerated in the Jail.
63. The Defendants breach of duty included, but is not limited to, failing to keep NELSON safe; failing to provide adequate medical care ; failure to ensure the competency of the medical and jail staff in the scope of medical and/or mental emergencies; neglect of NELSON pre-existing medical needs; failure to timely react

to NELSON immediate medical health needs; failure to provide NELSON medically necessary prescribed medications; failure to have a licensed physician on site to administer adequate and competent healthcare treatment to NELSON.

64. All of the Medical Staff lacked the training and/or competence to provide proper and/or adequate medical services beyond that permitted by law given their training, credentials, and licensing.

65. It is predictable that placing a medical assistant, lacking the necessary skills, knowledge and credentials to handle the situations she will inevitably confront in the jail setting will lead to violation of the constitutional rights of inmates.

66. Malvasi's failure to train and supervise its medical assistants in meeting their constitutional obligations demonstrates its own deliberate indifference to the highly predictable consequence that a medical assistant will commit a constitutional violation.

67. Malvasi's failure to hire supervisory LPN nurses in meeting their constitutional obligations and contractual obligations demonstrates its own deliberate indifference to the highly predictable consequence that a medical assistant will commit a constitutional violation.

68. That there was not an adequate system in place for the gathering and dissemination to equip medical personnel with the data needed to ensure the proper treatment and decisions needed to ensure the medical safety of the Plaintiff or any of the persons incarcerated at the Trumbull County Jail.

69. The conduct of Defendants proximately caused NELSON's injury for which they are jointly and severally liable.

VIII

Maintenance of An Unconstitutional Policy

42 USC 1983

Pattern Theory

70. Plaintiff realleges paragraphs 1 - 69 as if fully rewritten herein.

71. Defendants County and Malvasi have ignored a pattern of similar constitutional violations which occurred in the past and their failure to act to correct the constitutional deficiencies constitutes deliberate indifference.
72. Defendants policy of inaction constituted deliberate indifference and deliberate conduct and was the direct cause of the Plaintiff's serious injuries

## IX
## Trumbull County
## Negligent Hiring and Retention of Malvasi

73. Plaintiff realleges paragraphs 1 - 72 as if fully rewritten herein.
74. Jail officials knew of substantial criticisms and legal actions taken against the prison's contracted medical provider, including its history of misdiagnosis and delayed medical treatment of inmates, and that because the County continued to contract with Malvasi, and failed to establish policies and training to prevent the provision of inadequate medical care,
75. County and Jail officials consistent and deliberate indifference and acquiescence to Malvasi's failure to train personnel and properly diagnose prisoner's serious medical needs, which over several years has resulted in the death and or serious emergency treatment of multiple prisoner's, states a § 1983 claim against the County for deliberate indifference and a constitutional violation to prisoner's serious medical needs in violation of the Eighth Amendment and created an unreasonable risk of harm to the inmates including but not limited to NELSON.
76. Trumbull officials knew of the substantial criticisms, grievances, and legal actions taken against Defendant Malvasi because of Malvasi's history of inadequate medical care being provided to inmates, including, but not limited to, unauthorized diagnosis, misdiagnosis and delayed medical treatment of inmates in Trumbull Jail.
77. The work performed by the contractor was/is inherently dangerous because it creates a peculiar risk of harm to others unless special precautions are taken and therefore constituted a non-delegable duty.

## X
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff realleges paragraphs 1 - 77 as if fully rewritten herein.
79. Defendants intentionally inflicted serious emotional distress upon Plaintiff NELSON through their intentional, reckless, outrageous and intolerable misconduct to the point that it offends the accepted standards of decency and morality expected by a civilized society.
80. The conduct of the defendants proximately caused NELSON severe emotional distress.

WHEREFORE, Plaintiff prays that this Court enter the following judgments against the Defendants, jointly and severally, in an amount in excess of 75,000.00 on each count of the complaint for compensatory damages, as well as punitive damages where appropriate, including but not limited to the following:

A.  Award Plaintiffs compensatory and consequential damages in an amount to be determined at trial;

B.  Award punitive damages against the individual and corporate defendants in an amount to be determined at trial;

C.  Grant injunctive relief including, but not limited to, that the County and the County be under order of the Court to promulgate, adopt, train, maintain and enforce policies to prevent any future unconstitutional conduct as described herein or as the Court deems necessary;

D.  Award Plaintiffs attorney fees, pre and/or post judgment interest and costs

E.  Such other relief as the Court deems just and equitable

Respectfully submitted:

/s/Gilbert W.R. Rucker, III

Gilbert W.R. Rucker, III, Esq. (0034535)
1569 Woodland St.NE, Suite 10
Warren, Ohio 44483
330/392-8392 ofc
330/399-5172 fax
330/647-0855 cell
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a jury of the maximum amount of jurors allowed by law.

/s/ Gilbert W.R. Rucker, III

Gilbert W.R. Rucker, III